UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN RAFAEL TORRES-CARRILLO,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-559-P |
| VERSUS | JUDGE DEE. D. DRELL |
| CHRIS McCONNELL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Juan Rafael Torres-Carrillo (#69051-179) ("Torres-Carrillo"). Torres-Carrillo is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Torres-Carrillo challenges the computation of his sentence by the BOP.

Because Torres-Carrillo has received all the sentencing credit to which he is entitled, his § 2241 Petition (Doc. 1) should be DENIED.

I.    <u>Background</u>

According to the exhibits to his Petition, Torres-Carrillo was arrested in Texas on June 29, 2017 for possession of less than 2,000 pounds, but more than 50 pounds, of marijuana. (Doc. 1-2, p. 8). On August 22, 2017, Torres-Carrillo was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. (Doc. 1-2, p. 8). Torres-Carrillo pleaded guilty in federal court to reentry after deportation. (7:17-cr-1223, S.D. TX., Doc. 25). He was sentenced to 60 months of imprisonment. (7:17-cr-1223, S.D. TX., Doc. 25).

Following the imposition of his federal sentence, Torres-Carrillo was transferred back to state custody. (Doc. 1-2, p. 8). Torres-Carrillo was convicted in state court and sentenced to a two-year term of imprisonment. (Doc. 1-2, p. 8). Torres-Carrillo was paroled to the custody of the United States Marshals Service on July 2, 2018. (Doc. 1-2, p. 8).

II. Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 F. App'x 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). At the time of Torres-Carrillo's sentencing, the federal court did not order his federal sentence to run concurrently with the future state sentence. Because the judgment was silent, the sentences are presumed to run consecutively. After Torres-Carrillo requested a nunc pro tunc designation from the BOP, the sentencing court was contacted and confirmed its intention that the federal sentence run consecutively to the state sentence. (Doc. 1-2, p. 9).

Torres-Carrillo alleges that the state judge ordered the state sentence to run concurrently with the federal sentence. However, a state court's determination that a state sentence should run concurrently with a federal sentence is not binding on the federal government. Leal v. Tombone, 341 F.3d 427, 27-30 (5th Cir. 2003). Therefore, Torres-Carrillo's federal sentence runs consecutively to the state sentence.

A federal prison sentence generally begins on the date the defendant is received into custody. See 18 U.S.C. § 3585(a). Torres-Carrillo was in the primary custody of the State of Texas due to his drug arrest. He was temporarily transferred to federal authorities pursuant to a writ of habeas corpus ad prosequendum. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (a writ of habeas corpus ad prosequendum only constitutes a "loan" of the prisoner to another jurisdiction). Therefore, the BOP determined Torres-Carrillo's sentence commenced on July 2, 2018, when he was paroled from the State of Texas to federal authorities.

Torres-Carrillo seeks federal credit for time spent in state custody prior to the commencement of his federal sentence. However, a defendant shall only be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, if it has not been credited against another sentence. See 18 U.S.C. § 3585(b). Because the custodial time prior to July 2, 2018 was credited toward the state sentence, Torres-Carrillo cannot also receive that credit toward his consecutive federal sentence.

Based on the documents provided by Torres-Carrillo, the BOP has given "full and fair consideration" to his request, which is all that the BOP is required to do. See

McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998); see also Program Statement 5160.05 (stating that although the BOP must consider an inmate's request for *nunc pro tunc* designation under Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990), there is no obligation for the BOP to grant the request). However, the credit sought by Torres-Carrillo is precluded by federal law.

### III. Conclusion

Because the federal court did not order the sentences to run concurrently, and the time spent in custody prior to July 2, 2018 was credited toward his state sentence, Torres-Carrillo has received all the sentencing credit to which he is entitled by law. Therefore, IT IS RECOMMENDED that the § 2241 Petition (Doc. 1) be DENIED and DISMISSED, WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of July, 2019.

                                                                  _____
                                                                  Joseph H.L. Perez-Montes
                                                                  United States Magistrate Judge